IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Dec 05 2019
U.S. DISTRICT COURT
Northern District of WV

TOMMY CALHOUN, JR., on behalf
Of himself and all others
Similarly situated,

        Plaintiff,

   v.

SANDBOX TRANSPORTATION, LLC,
D/B/A SANDBOX LOGISTICS, LLC,

        Defendant.

Case No. 1:19-cv-215 (Keeley)

(Formerly Monongalia County
Civil Action No. 19-C-336)

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Sandbox Transportation, LLC, d/b/a Sandbox Logistics, LLC ("Sandbox Transportation" or "Defendant") by counsel, removes this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. §§ 1441, 1446, and 1331. In support of removal, the Defendant states as follows:

1. On or about October 25, 2019, Plaintiff Tommy Calhoun, Jr. filed a civil action against Defendant in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 19-C-336. Copies of the Summons and Complaint and the state court docket sheet, are attached hereto at **Exhibit A** as required by 28 U.S.C. § 1446(a).

2. The Summons and Complaint were served upon Defendant Sandbox Transportation through the West Virginia Secretary of State and received by Sandbox Transportation on November 5, 2019.

3. Defendant is timely filing this Notice of Removal within thirty days after service of the Complaint and Summons as required by 28 U.S.C. § 1446(b). Further, this Notice of

Removal is timely pursuant to 28 U.S.C. § 1446(c) because it is filed within one year of the commencement of this action.

4. The Circuit Court of Monongalia County, West Virginia, is located within the Northern District of West Virginia. See 28 U.S.C. § 129(a). Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." Id.

5. In the Complaint, Plaintiff asserts that he and others "similarly situated" are entitled to unpaid overtime premium pay for work performed in excess of 40 hours in a workweek. Specifically, Plaintiff alleges that he and others "similarly situated" worked 16 hours per day, 7 days per week, for straight time/ pay without overtime. Complaint ¶ 2. Plaintiff seeks to represent a class of West Virginia employees who were not paid overtime premium pay of time and half the regular rate for all hours worked in excess of 40 during a pay period. Complaint ¶¶ 6, 7.

6. This action is properly removable pursuant to 28 U.S.C. § 1441(b) because the United States District Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The FLSA establishes standards for payment of overtime compensation. 29 U.S.C. § 207. In addition, the FLSA regulates circumstances under which an employee is exempt from the FLSA's overtime requirements. 29 U.S.C. § 213. As set forth *infra*, the face of the Complaint presents a federal question because Plaintiff asserts claims for overtime premium pay recoverable only pursuant to the FLSA. Indeed, throughout the Complaint, Plaintiff refers to cases and regulations interpreting the FLSA. See Complaint ¶¶ 22-25. Accordingly, jurisdiction is proper without regard to citizenship of the parties or the amount in controversy because this case presents a substantial federal question. See *Harper v. Massey Coal Services,* 2011 WL 322558, at * 7 (S.D. W.Va. Feb. 2, 2011).

7. Plaintiff has identified the West Virginia Wage Payment and Collection Act ("WPCA") as the basis for his claims to recover overtime premium pay. Complaint ¶ 7. However, the WPCA does not provide a remedy to recover unpaid overtime premium pay for employers subject to the FLSA. *See Westfall v. Kendle Intern., CPU, LLC,* 2007 WL 486606 at * 15 (N.D.W.Va. Feb. 15, 2007).

8. Defendant affirmatively avers that more than 80 percent of its employees, including Plaintiff Calhoun, are subject to the FLSA. *See* WV Code § 21-5-1(e) (employer exempt from state Minimum Wage and Maximum Hours Standards for Employees Act "if 80 percent of the persons employed by him or her are subject to any federal act relating to minimum wage, maximum hours, and overtime compensation"). Additionally, Defendant affirmatively avers that it is subject to the FLSA as an enterprise engaged in commerce. *See* 29 U.S.C. § 203(s). Accordingly, Defendant is exempt from West Virginia state law requiring overtime premium pay. *See King v. West Virginia's Choice, Inc.,* 234 W.Va. 440, 449 (2014) (holding that, as a matter of law, plaintiff could not recover overtime wages pursuant to West Virginia state law where the FLSA applied to 80 percent of employees).

9. Plaintiff's and putative class members' claims for overtime premium pay may be recovered pursuant only to the FLSA. Where the FLSA creates the right to overtime for employees, it also "provides the exclusive remedy for the recovery of such premium pay." *Westfall v. Kendle Intern., CPU, LLC,* 2007 WL 486606 at * 15 (N.D.W.Va. Feb. 15, 2007) (holding that the plaintiff may not pursue her overtime claim under the WPCA as a matter of law because FLSA creates right to overtime premium pay); *Nester v. Hampton Inn Princeton,* 2013 WL 5425123, at *3 (S.D.W.Va. Sept. 16, 2013) ("the West Virginia Wage Payment and Collection Act (WPCA)

addresses the timing of wage payments and cannot form the basis for a claim of failure to pay overtime wages"). Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims.

10. Plaintiff also asserts claims for penalties for late payment under the WPCA. Complaint ¶ 27. This Court has supplemental jurisdiction of Plaintiff's WPCA claims pursuant to 28 U.S.C. § 1367.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, is being served upon counsel for the opposing party and also filed with the Clerk of the Circuit Court of Monongalia County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

12. By removing this action, Defendant does not waive or intend to waive any defenses, nor does Defendant concede the merit of Plaintiff's claims or the damages to which he may be entitled. Further, Defendant does not concede that Plaintiff is an appropriate class representative, or that the claims asserted on behalf of himself and those "similarly situated" are appropriate for class or collective action treatment.

WHEREFORE, the Defendant requests that this civil action be removed from the Circuit Court of Monongalia County, West Virginia to this Court.

Dated:  December 5, 2019						Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By      /s/ Andrea J. Johnson
   Andrea J. Johnson, Esquire
   West Virginia Bar No. 13421
   andrea.johnson@ogletree.com
   One PPG Place - Suite 1900
   Pittsburgh, PA 15222
   Telephone:  (412) 394-3333

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TOMMY CALHOUN, JR., on behalf
Of himself and all others
Similarly situated,                                      Case No.

       Plaintiff,                                   (Formerly Monongalia County
                                                                    Civil Action No. 19-C-336)
   v.

SANDBOX TRANSPORTATION, LLC,
D/B/A SANDBOX LOGISTICS, LLC,

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically on December 5, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Andrea J. Johnson
                                                Andrea J. Johnson, Esquire

40924676.3