*Tommy Calhoun, Jr. v. Sandbox Transportation, LLC d/b/a Sandbox Logistics, LLC*

Notice of Removal

# Exhibit A

CASE#: **19-C-336**  Sub Code:  Date Opened: 10/28/2019

JUDGE: SUSAN B. TUCKER  Date Printed: 12/04/2019

Plaintiff: **TOMMY CALHOUN JR**
vs
Defendant: **SANDBOX TRANSPORTATION**

Pro Attorney: D A. HOOSIER

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|---|---|---|---|---|---|---|
| 1 | 10/28/2019 | Complaint Filed | | 200.00 | 200.00 | .00 |
| 2 | 10/28/2019 | Additional clerk fee | | 5.00 | 5.00 | .00 |
| 3 | 10/28/2019 | Process issued - S/S | NotCollected | 20.00 | .00 | 20.00 |
| 4 | 10/31/2019 | Amended Class Action Complaint (no fees enclosed for service, called | | .00 | .00 | .00 |
| 5 | 10/31/2019 | atty) | | .00 | .00 | .00 |
| 6 | 11/12/2019 | S/S accepted service for Sandbox Trans 11-5-19 | | .00 | .00 | .00 |
| | | | **Totals** | **225.00** | **205.00** | **20.00** |

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

TOMMY CALHOUN, JR., on behalf
Of himself and all others
similarly situated,

        Plaintiffs,

v.                                              Civil Action: 19-C-336
                                              Judge: _____

SANDBOX TRANSPORTATION, LLC,
D/B/A SANDBOX LOGISTICS, LLC,

        Defendants.

---

## CLASS ACTION COMPLAINT

---

1. Plaintiff Tommy Calhoun, Jr. (hereinafter "Calhoun" or "Plaintiff" or "Plaintiffs"), on behalf of himself and all others similarly situated, brings this class action complaint pursuant to West Virginia Rules of Civil Procedure 23 against Defendant Sandbox Transportation, LLC D/B/A Sandbox Logistics, LLC – collective "Defendant" or "Sandbox".

2. Plaintiff is a resident of West Virginia (Monongalia County). This class will include all West Virginia residents ==who worked for Defendant who were not timely paid.== Plaintiff and others in this class were required to work 16-hour days, 7 days a week, for

1

"straight time" pay. Defendant is doing business in Monongalia County, WV with its principle place of business in Houston, TX.

3. Jurisdiction and venue are appropriate in this court as this is a Complaint pursuant to the West Virginia Wage, Payment and Collection Act. Further, all actions and inactions alleged before did occur in Monongalia County, West Virginia.

## CLASS REPRESENTATION ALLEGATIONS & WVWPCA VIOLATION – COUNT 1 (CLASS ACTION COUNT 1)

4. Plaintiffs hereby adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 4 of Plaintiffs' Class Action Complaint.

5. Pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, Plaintiffs bring this claim on behalf of all persons who: (1) worked Sandbox in West Virginia from 10 years prior to the date of the filing of this complaint, and/or 5 years from the date of filing of this complaint, and (2) have not been paid timely pursuant to W.Va. Code § 21-5-1 et. seq. for time working in a specific pay period/were paid "Straight Time" in place of time plus one half; namely class members were required to work in excess of 120 hours in one week and were not paid overtime, only paid "Straight Time".

6. This Class consists of former and current employees Defendant who not paid overtime.

7. Plaintiff alleges, upon information and belief, that the number of class members is so numerous that joinder of all of them is impractical – specifically all employees were paid "Straight Pay" and not time plus one half for hours worked in one week. Plaintiffs' beliefs are based on the fact that: (1) defendant is an organization several operations who has employed 100s of employees over the past 10 years, (2) Defendant had many employees in West Virginia that no longer work for Defendant, 3) Defendant failed to timely pay employees in violation of the W.Va. Wage Payment and Collection Act (hereinafter sometimes referred to as "WPCA"), for wages eared as overtime wages but paid as "Straight Time". Further, and subject to the WPCA, Defendant implemented a policy wherein Plaintiff was not paid twice or "bi-monthly", or within 19-days during a specific pay period. Specifically, Plaintiff's wages were held for one calendar week after a pay-period. Namely, once Plaintiff started earning wages he did not get paid during the first pay period where wages were earned. His wages were withheld until the following pay period, or in excess of 19-days after wages were earned in violation of the WPCA.

8. The members of this Class will be easily ascertained from the records of the Defendants when discovery commences herein. It

3

will be easy to determine who worked for Defendant that lived in the State of West Virginia.

9. Class Representative's claims raise questions of law and fact that are common to claims of each member of the Class.

10. The claims of the Class Representative are typical of the claims of each member of the Class. The Class Representative's claims are based upon violations the W.Va. Wage Payment and Collection.

11. The common issues involved in this lawsuit predominate over any separate issues that may exist among individual plaintiffs.

12. The Class Representative is a West Virginia resident who will fairly and adequately protect and represent the interest of each member of the Class. Additionally, the Class Representative is fully cognizant of his responsibilities as Class Representative, and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

13. The question of law of fact common to Class Representative's claims and the claims of each member of the Class predominate over any question of law or fact affecting only individual members of the Class. Additionally, the amount in controversy for each Class member's claims would make individual lawsuits economically unfeasible, if not impossible. Class Representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.

14. The West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1, et seq., which applies to all employers regardless of size, requires that payment for an employee's service be made in the form of actual money, or an instrument redeemable for money. It also governs the timing of wage payments to employees. The Act is separate and distinct from those laws dealing with minimum wages and maximum hours. Thus, it does not require any particular amount of wages be paid to employees — it merely governs when those payments must be made.

15. Employers must provide laid off employees their wages in full by the next regularly scheduled payday. W. Va. Code § 21-5-4(d). Employees who voluntarily terminate their employment must also be paid their final wages by the next regularly scheduled payday. W. Va. Code § 21-5-4(c). An exception to this rule exists where an employee provides at least one pay period's notice of his resignation. *Id*. In that case, S/he must be paid his final wages on his last day of employment. *Id*.

16. Discharged employees must be paid their wages in full no later than the next regular payday or within four business days from the discharge date, whichever comes first. W. Va. Code § 21-5-4(b).

17. An employer that fails to timely provide an employee's final check can be held liable for not only the amount of that check, but an additional three times that amount as liquidated damages. W. Va.

5

Code § 21-5-4(e) (two times June 15, 2015 – present date). Moreover, plaintiffs who prevail in their claims under the Act are entitled to the costs of the action, including reasonable attorney fees. W. Va. Code § 21-5-12(b). Herein this class seeks three-fold wages untimely paid from 10-years prior to the date of filing of this complaint (contract) until June 14, 2015, and two-fold wages untimely paid after June 15, 2015 when the statute changed from three-fold to two-fold. Plaintiffs herein, of course, still demand attorney's fees as both versions of the statute allow, and costs.

18. Under the Act, the term "wages" includes fringe benefits capable of calculation, which would include accrued vacation or other types of leave payable to employees at the conclusion of their employment. W. Va. Code § 21-5-1(c).

19. Defendant violated the act by failing to pay plaintiffs for wages they would have been entitled to had Defendant not breached its multiple promises to the members of this class and Plaintiff, individually, in failing to pay timely for work completed in the pay period which was customary Sandbox.

20. Plaintiff(s) allege that defendant is responsible for damages in the amount of three-fold for every hour worked by every employee 10 years prior to the date of filing of this complaint until June 14, 2015 – and two fold damages (per hours) beginning June 15, 2015.

21. The West Virginia Wage Payment and Collection Act (WPCA) is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Grim v. Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002). Plaintiffs of this class were employees and provided the benefits of the protections of the WVWPCA.

22. When concerning time worked, **a Plaintiff may prove the number of hours worked by making a reasonable estimate of those hours**. *McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988)17A (emphasis added), Am. Jur. Pl. & Pr. Forms Master and Servant § 144. Plaintiff need not give exact evidence of the hours he or she worked, but must present sufficient evidence to create a "just and reasonable inference" as to the amount and extent of the work

performed beyond what is included in the records *McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988). The burden then shifts to the defendant to "negate the inference" established by Plaintiff. *McLaughlin*, 436 F.Supp.2d at 737. "'If the employer fails to produce such evidence, the court may then award damages to the employee, **even though the result may be only approximate**.'" *Id.* at 738 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)), Whittaker v. David's Beautiful People, Inc., No. CV DKC 14-2483, 2016 WL 429963, at 11 (D. Md. Feb. 4, 2016) (emphasis added). Any **estimate or approximation of his allegedly unpaid minimum wages is sufficient to establish a basis for time worked without compensation**. *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473–74 (E.D. Va. 2014) (emphasis added). Here, plaintiffs can provided an estimate or approximation of weekly hours worked, even though it is defendants duty to produce and account for the hours actually worked, and billed – which should be easily ascertainable. *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 26 Wage & Hour Cas. (BNA) 1519, 102 Lab. Cas. (CCH) P 34600, 17 Fed. R. Evid. Serv. 60 (3d Cir. 1984) (An employer, NOT THE EMPLOYEE, must know and document the number of hours, on any given day that an employee actually works) (emphasis added).

8

23. The WPCA must be construed liberally to entitled injured workers, like Plaintiff, an avenue of recovery based on the estimated hours worked without compensation. The goal behind the laws the Defendant violated is to ensure citizens of the state of West Virginia are timely paid for work completed, not to allow defendants' a loop hole when the plaintiff can't provide precise hours work over the course of nearly a calendar year. *Grim v. Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). The West Virginia Wage Payment and Collection Act (WPCA) is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Id.* Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002). The general rule is that if an employer requires an employee to perform a task for the employer's benefit, even if it is waiting, the time spent is considered hours worked, the key is whether the employer controls the

9

employee during that time; even if the employer and employee agree that certain activities are not compensable, the agreement will not prevail over these general principles. *Republican Pub. Co. v. American Newspaper Guild*, 172 F.2d 943, 16 Lab. Cas. (CCH) P 65008 (1st Cir. 1949); 29 C.F.R. § 785.8. Further, unless an employee is explicitly barred from doing so, all hours worked, **even if such work is not authorized** by the employer, requires compensation. 29 C.F.R. § 785.11 (emphasis added). 29 C.F.R. § 785.11 states "[W]ork not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time." Citing *Handler v. Thrasher*, 191, F. 2d 120 (C.A. 10, 1951); *Republican Publishing Co. v. American Newspaper Guild*, 172 F. 2d 943 (C.A. 1, 1949; *Kappler v. Republic Pictures Corp.*, 59 F. Supp. 112 (S.D. Iowa 1945), aff'd 151 F. 2d 543 (C.A. 8, 1945); 327 U.S. 757 (1946); *Hogue v. National Automotive Parts Ass'n.* 87 F. Supp. 816 (E.D. Mich. 1949); *Barker v. Georgia Power & Light Co.*, 2 W.H. Cases 486; 5 CCH Labor Cases, para. 61,095 (M.D. Ga. 1942); *Steger v. Beard & Stone Electric Co., Inc.*,1 W.H. Cases

593; 4 Labor Cases 60,643 (N.D. Texas, 1941)). Thus, the employer must utilize a system of accounting which ensures the employee is paid, at the very least, the required wage for the actual number of hours worked. *Id.* Here, the records are clear. Defendant failed to pay Plaintiff and others for hours / time that they were required to work or suffer on behalf of Defendant.

24. Here, a prima facie case can be made through an employee's testimony giving his recollection of hours worked ... [and employees' cases] are not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate." *Donovan,* 549 F.Supp. at 485, *Turner v. Human Genome Sci., Inc.,* 292 F. Supp. 2d 738, 748 (D. Md. 2003). An employee can make a prima facie case that he in fact performed work for which he was improperly compensated through his testimony giving his recollection of hours worked, and his case is not to be dismissed nor should recovery for back pay be denied because proof of the number of hours worked is inexact or not perfectly accurate. *Turner v. Human Genome Sci., Inc.,* 292 F. Supp. 2d 738 (D. Md. 2003). The jury may make a just and reasonable estimate of the damage based on relevant data and render its verdict accordingly. In such circumstances 'juries are allowed to act on probable and inferential as well as (upon) direct and positive proof.' *Story Parchment Co. v. Paterson Parchment*

*Paper Co.*, 282 U.S. 561, 564, 51 S.Ct. 250, 251, 75 L.Ed. 544; *Eastman Kodak Co. v. Southern Photo Material Co.*, 273 U.S. 377, 379, 47 S.Ct. 404, 405, 71 L.Ed. 684. Any other rule would enable the wrongdoer to profit by his wrongdoing at the expense of his victim. *Id.* It would be an inducement to make wrongdoing so effective and complete in every case as to preclude any recovery, by rendering the measure of damages uncertain. *Story Parchment Co. v. Paterson Parchment Paper Co.* at 265. Failure to apply it would mean that the more grievous the wrong done, the less likelihood there would be of a recovery. *Id.* Here, this is exactly what the class can allege and prove. It can and will prove that members of the class worked for Defendant to clean up, and complete "sign out" procedures after they were required to clock out.

25. The constant tendency of the courts is to find some way in which damages can be awarded where a wrong has been done. *Id.* Difficulty of ascertainment is no longer confused with right of recovery' for a proven invasion of the plaintiff's rights. *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264–66, 66 S. Ct. 574, 580, 90 L. Ed. 652 (1946) citing *Story Parchment Co. v. Paterson Parchment Paper Co., supra*, 282 U.S. 565, 51 S.Ct. 251, 75 L.Ed. 544; and see also *Palmer v. Connecticut Railway Co.*, 311 U.S. 544, 559, 61 S.Ct. 379, 384, 85 L.Ed. 336.

26. Courts must assume that the employee has proved that he has performed work and has not been paid in accordance with the statute. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). The damage is therefore certain. *Id.* The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. *Id.* In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.' *Story Parchment Co. v. Paterson Parchment Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (emphasis added). It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. *Eastman Kodak Co. of New York v. Southern Photo Materials Co.*, 273 U.S. 359, 377—379, 47 S.Ct. 400, 404, 405, 71 L.Ed. 684; *Palmer v. Connecticut Railway & Lighting Co.*, 311 U.S. 544, 560, 561, 61 S.Ct. 379, 384, 385, 85 L.Ed. 336; *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 263—266, 66 S.Ct. 574, 579, 580.

27. WHEREFORE THIS CLASS, is entitled to damages for violations of the WVWPCA as set for above, damages set forth in the WVWCPA including attorney's fees and costs.

---

**DAMAGES**

---

13

28. Plaintiff(s) adopt(s) verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 27 of Plaintiff's Class Action Complaint.

29. As a direct and proximate result of Defendant's actions, Plaintiff(s) is/are entitled to damages for **1)** indignity, **2)** embarrassment, **3)** humiliation and **4)** emotional distress in an amount to be determined by the jury.

30. Defendant's actions were willful, wanton and malicious and violated the WV-WPCA entitling Plaintiffs to **5)** attorneys' fees and **6)** cost

31. Defendant's actions were willful, wanton and/or grossly negligent, and, as such, Plaintiffs are entitled to 7) punitive damages.

32. And all other damages which are **8)** just and foreseeable herein and/or allowed by **9)** common law or **10)** statute, or **11)** deemed proper by this Honorable Court;

33. And all damages set forth in the **12)** WVWPCA for class members.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues set forth in complaint.

**TOMMY CALHOUN, JR, on behalf
Of himself and all others
Similarly situated,**

By Counsel.

14

_____
D. Adrian Hoosier, II (WV Bar No. 10013)
HOOSIER LAW FIRM, PLLC
213 Hale St., Suite 100
Charleston, WV 25301
Telephone: (681) 265-5000
Facsimile (681) 265-5001
ADRIAN@HLFWV.COM

15

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

Tommy Calhoun, Jr. on behalf of himself
And all others similarly situated

    **Plaintiffs,**

v.

Civil Action Number: 19-C-336
Judge:

Sandbox Transportation d/b/a
Sandbox Logistics, LLC

    **Defendants.**

## SUMMONS

TO: Sandbox Transportation d/b/a
    Sandbox Logistics, LLC, a
    CT Corporation System
    1627 Quarrier Street
    Charleston, WV 25311-2124

    IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **D. Adrian Hoosier, II, Plaintiff's Attorney, whose address is 213 Hale Street, Suite 100 Charleston, West Virginia 25301**, an Answer, including any related Counter Claim you may have, to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: Oct. 28, 2019

Jean Friend
Circuit Clerk
by Susan Trowbridge

[Stamp: SECRETARY OF STATE, STATE OF WEST VIRGINIA, 2019 NOV -5 A 10:59, ACCEPTED FOR SERVICE OF PROCESS]

# ᵀ Corporation

**Service of Process Transmittal**
11/12/2019
CT Log Number 536609431

TO: KIMBERLY HECKLER
U.S. SILICA COMPANY
24275 KATY FWY STE 600
KATY, TX 77494-7271

RE: **Process Served in West Virginia**

FOR: Sandbox Transportation, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | TOMMY CALHOUN, JR., on behalf Of himself and all others similarly situated, vs. SANDBOX TRANSPORTATION, LLC, ETC., DFT. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Statement |
| COURT/AGENCY: | MONONGALIA COUNTY-CIRCUIT COURT, WV<br>Case # 19C336 |
| NATURE OF ACTION: | Employee Litigation - Class Action Class Representation Allegations & Wvwpca Violation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Charleston, WV |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 11/12/2019 postmarked on 11/06/2019 |
| JURISDICTION SERVED: | West Virginia |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service of this Summons upon you, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | D. Adrian Hoosier, II<br>HOOSIER LAW FIRM, PLLC<br>213 Hale St., Suite 100<br>Charleston, WV 25301<br>(681) 265-5000 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 11/12/2019, Expected Purge Date: 11/17/2019<br><br>Image SOP<br><br>Email Notification,  KARRIE LOUCKS  loucks@ussilica.com<br><br>Email Notification,  KIMBERLY HECKLER  heckler@ussilica.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| For Questions: | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 6077 81

SANDBOX TRANSPORTATION, LLC
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311

**Control Number:** 247674
**Defendant:** SANDBOX TRANSPORTATION, LLC
1627 QUARRIER ST.
CHARLESTON, WV 25311 US

**Agent:** C. T. Corporation System
**County:** Monongalia
**Civil Action:** 19-C-336
**Certified Number:** 92148901125134100002607781
**Service Date:** 11/5/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State